[660 NYS2d 53]

In the Matter of MARTIN J. CROWLEY, an Attorney, Resignor.

Second Department, July 7, 1997

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset, for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Martin J. Crowley has submitted an affidavit dated May 19, 1997, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Crowley was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on November 18, 1953.

Mr. Crowley acknowledges that he is the subject of an ongoing investigation by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct.

The investigation concerns Mr. Crowley's commingling of personal funds with clients' escrow funds entrusted to him, his failure to maintain required bookkeeping records and ledgers for his attorney escrow account, and his drafting of escrow checks payable to cash or to himself, totalling $197,500.96.

Mr. Crowley concedes that he would be unable to successfully defend himself on the merits against any disciplinary charges which would be initiated against him based upon the facts and circumstances set forth in his resignation.

Mr. Crowley concedes that pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require that he make monetary restitution to any persons whose money or property he misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by paragraph (f) to be heard in opposition thereto.

Mr. Crowley acknowledges that his resignation is freely and voluntarily tendered and that he has not been subject to coercion or duress by anyone. He is aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement as an attorney for a minimum of seven years.

Inasmuch as the proffered resignation conforms with the Court Rules, the resignation of Martin J. Crowley as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Martin J. Crowley is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, subject to any future applications by the Grievance Committee for the Tenth Judicial District for orders directing that he make restitution to any client and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a).

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and FRIEDMANN, JJ., concur.

Ordered that the resignation of Martin J. Crowley is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin J. Crowley is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin J. Crowley shall promptly comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin J. Crowley is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.